# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DANIEL JOHN LEVEY,**

      **Plaintiff,**

**v.**                                   **Case No: 6:16-cv-1602-Orl-DCI**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

_____

## MEMORANDUM OF DECISION

Daniel John Levey (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security denying his application for disability insurance benefits. Doc. 1; R. 1-7, 135-36. Claimant argues that the decision should be reversed because: 1) the Appeals Council failed to remand the case in light of new and material evidence; 2) the ALJ failed to properly evaluate the opinion of Dr. Ristic, Claimant's treating orthopedist; and 3) the ALJ failed to properly credit Claimant's testimony. Doc. 21 at 19. For the reasons set forth below, it is **ORDERED** that the Commissioner's final decision is **AFFIRMED**.

## I.      THE ALJ'S DECISION

On September 6, 2013, Claimant filed an application for disability insurance benefits. R. 135-36. Claimant alleged a disability onset date of June 26, 2013. *Id.*

The ALJ issued his decision on March 18, 2015. R. 15-26. In his decision, the ALJ found that Claimant had the following severe impairments: bilateral carpal tunnel syndrome (CTS), status-post release; cervical and lumbosacral disc herniation, status-post lumbar laminectomy and microdiscectomy. R. 17. The ALJ found that Claimant had a residual functional capacity (RFC)

to perform a full range of light work as defined by 20 C.F.R. § 404.1567(a) with some limitations.[1]

R. 18. Specifically, the ALJ found as follows:

> [C]laimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) except that the claimant can occasionally stoop and climb stairs; he can frequently handle and finger bilaterally; he cannot use vibratory tools, such as power tools.

*Id.* The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing jobs in the national economy. R. 49-50. The ALJ thus found that Claimant was capable of performing jobs that existed in significant numbers in the national economy. R. 24-25. Therefore, the ALJ found that Claimant was not disabled between the alleged onset date and the date of his decision. R. 25-26.

On July 14, 2016, the Appeals Council denied Claimant's request for review of the ALJ's decision, finding no reason under its rules to review the ALJ's decision. R. 1. In doing so, the Appeals Council considered the additional evidence provided by claimant and considered whether the ALJ's action, findings, or conclusions were contrary to the weight of the evidence currently of record. R. 2. The Appeals Council found that the additional evidence did not provide a basis for changing the ALJ's decision. *Id.*

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

## II.    STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted).  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.  The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.    ANALYSIS

### A.  The Appeals Council's Decision to Deny Plaintiff's Request for Review

A claimant is generally permitted to present new evidence at each stage of the administrative process.  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007).

The Appeals Council must consider evidence that was not presented to the ALJ when that evidence is new, material, and chronologically relevant. *Id*.; *see* 20 C.F.R. § 404.970. A piece of evidence is new if it is not cumulative of other evidence in the record, *see Robinson v. Astrue*, 365 F. App'x 993, 996 (11th Cir. 2010) (per curiam), [2] it is material if "there is a reasonable possibility that the new evidence would change the administrative outcome," *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987), and it is chronologically relevant if it "relates to the period on or before the date of the [ALJ's] hearing decision," 20 C.F.R. § 404.970. The Appeals Council must grant the petition for review if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261.

The Appeals Council has the discretion to not review the ALJ's decision denying benefits. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015). If the Appeals Council considers new evidence but denies review, the Appeals Council is not required to articulate its reasons for denying review. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784-85 (11th Cir. 2014). If a claimant challenges the Appeals Council's denial, the reviewing court must determine whether the new evidence renders the denial of benefits erroneous. *Id*. at 785 (citing *Ingram*, 496 F.3d at 1262).

Here, Claimant presented to the Appeals Council new evidence from Richard Dentico, M.D., who Claimant referred to as a treating physician.[3] Specifically, Claimant presented the Appeals Council with Dr. Dentico's office notes and "Doctor's Report of MMI/Permanent Impairment," both dated March 16, 2015. R. 1-6, 319-25. Claimant argued that when confronted

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

[3] As the Court will discuss further, it does not find that Dr. Dentico was a treating physician.

with this evidence, the Appeals Council "failed to issue anything but its standard denial, without any analysis of why Dr. Dentico's progress note and assessment should not be credited." Doc. 21 at 19-21, 25. Claimant argued that the Appeals Council erred by not providing a detailed rationale for denying review. *Id.* In support of his position, Claimant cites an out-of-circuit opinion and a district court opinion from the Middle District of Florida. *Id.* at 25 (citing *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011); *Mitcham v. Comm'r of Soc. Sec.*, No. 6:09-cv-2100-Orl-DAB, 2011 WL 550515, at *3 (M.D. Fla. Feb. 8, 2011)).

Claimant's argument is without merit. The Eleventh Circuit has recently addressed this issue and found that "the Appeals Council is not required to make specific findings of fact when it denies review." *Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 852 (11th Cir. 2015); *see also Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782-85 (11th Cir. 2014) (explaining that the Appeals Council does not need "to provide a detailed discussion of a claimant's new evidence when denying a request for review"). It is enough that the Appeals Council considers the new evidence and adds it to the record. *See Parks ex rel. D.P.*, 783 F.3d at 852-53. The Court finds that *Parks* and *Mitchell* control.[4] *See Parks ex rel. D.P.*, 783 F.3d at 852-53; *Mitchell*, 771 F.3d at 782-85.

Claimant also argued, albeit tersely, that the new evidence rendered the ALJ's denial of benefits erroneous because it undermines the ALJ's finding that Claimant can lift and carry up to 20 pounds occasionally and perform a full range of light work. Doc. 21 at 19-21, 25. The Commissioner argued that the new evidence does not undermine the ALJ's decision because the

---

[4] The Court further notes that in *Mitcham*, the unpublished Middle District of Florida case cited by Claimant, the court relied, in part, upon *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980). *Mitcham*, 2011 WL 550515, at *3 (citations omitted). But in *Parks*, the Eleventh Circuit directly addressed and distinguished the *Epps* decision. *Parks ex rel. D.P.*, 783 F.3d at 853

ALJ's decision provides a thorough analysis and explanation, supported by the evidence, for why the ALJ found that Claimant retained the ability to perform light work. *Id.* at 21-25.

As an initial matter, the Court notes that aside from Claimant's conclusory reference to Dr. Dentico as a treating physician, neither party addressed the issue of whether or not Dr. Dentico is, in fact, a treating physician. *Id.* at 19-25. Upon review, the Court finds that he is not. Virtually all of the records from Orthopedic Associates of Dutchess County regarding Claimant's back issues were signed by Dr. Perkins, who is also the doctor that performed Claimant's back surgery. R. 227-230, 233-47, 251-61, 284-88, 293-95, 298-305, 311-12, 317-18. In fact, Dr. Dentico signed only two of Claimant's medical records (on May 14, 2013), which pre-dated Claimant's back surgery.[5] R. 237. Dr. Dentico did not sign another one of Claimant's records until March 16, 2015 (almost two years later), during the course of an "*evaluation* for back pain" made the same date that Dr. Dentico opined as to Claimant's limitations. R. 319-25 (emphasis added). There is nothing in the record to suggest an ongoing treatment relationship between Claimant and Dr. Dentico.[6]

---

[5] The Court further notes that the record was signed by Jennilyn Whittam, FNP, and that Claimant was instructed to follow-up with Dr. Perkins for repeat evaluation. R. 237.

[6] "Treating source means your own acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s). We may consider an acceptable medical source who has treated or evaluated you only a few times or only after long intervals (e.g., twice a year) to be your treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s). We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability. In such a case, we will consider the acceptable medical source to be a nontreating source." 20 C.F.R. § 404.1527(a)(2).

And Claimant does not cite to any evidence to suggest that Dr. Dentico is a treating physician. Perhaps Claimant could be said to have tacitly argued – although he did not actually argue – that Dr. Dentico should be considered a treating physician because he belonged to the same orthopedic provider as Dr. Perkins and Dr. Ristic. But Claimant did not make that argument and did not cite any legal authority supporting such argument. Thus, the Court finds that Claimant abandoned the potential argument that Dr. Dentico was a treating physician by raising it in a perfunctory manner. *See Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 777 n.2 (11th Cir. 2016) (per curiam) (stating that claimant's perfunctory argument was arguably abandoned).

On March 16, 2015, Claimant presented to Dr. Dentico and reported localized pain across his lumbar spine favoring his right side. R. 322-25. Claimant denied any numbness or tingling in his ankles and shooting pain into his lower limbs. *Id.* Claimant reported his pain as a 3 or 4 out of 10. *Id.* Dr. Dentico examined Claimant and found that Claimant was in no apparent distress, was able to get up from a seated position with minimal difficulty, had some difficulty donning show and socks, had intact toe/heel walk, had an antalgic gait, had limited range of motion in the lumbar spine, had 5/5 strength in the bilateral lower extremities, and had increased back and leg pain from right sided straight leg raise. *Id.* Dr. Dentico found that Claimant "falls into medical impairment class IV severity ranking D for the lumbar spine." *Id.*

Upon review of the record, the Court finds that Dr. Dentico's record is not significantly different from the rest of the record and does not provide a basis for the Court to find that Dr. Dentico's record somehow renders the ALJ's denial of benefits erroneous.[7] For instance, Edwin

---

[7] The Court recognizes that there are some differences, such as the fact that Dr. Dentico found that Claimant's gait was antalgic. But Claimant has not made a showing that such a difference renders the ALJ's denial of benefits erroneous. Moreover, as will be discussed, the ALJ's decision is still supported by substantial evidence.

E. Mohler, M.D., an independent medical examiner, also opined that Claimant qualified for class IV severity ranking D for the lumbar spine.  R. 315.

Nor does Dr. Dentico's opinion that Claimant can only occasionally lift 10 pounds provide a basis for the Court to find that Dr. Dentico's record somehow renders the ALJ's denial of benefits erroneous.  Dr. Mohler opined with regard to Claimant's back that Claimant was restricted from "lifting more than 20 lbs. with utilizing good spinal mechanics, and doing this at a frequency of occasional basis."  R. 315.  The ALJ considered Dr. Mohler's opinion, together with the record evidence, and found that Dr. Mohler's opinion was entitled to great weight as an examining source and an expert in orthopedic surgery.  R. 23.  The ALJ also noted throughout his opinion that the RFC was supported by the fact that Claimant's examinations generally showed reduced range of motion of the lumbar spine with reports of persistent low back pain, but otherwise only mild deficits in the lower back, including full leg strength.  R. 15-26.  The ALJ further noted that Claimant was independent in activities of daily living, that Claimant's post-surgical treatment and pain management had been conservative, that Claimant relied on only over-the-counter arthritis medication, that Claimant could ambulate independently, and that Claimant was neurologically intact in the upper and lower extremities.  *Id*.

Moreover, as previously discussed, Dr. Dentico was not a treating physician and his opinion was therefore not entitled to any particular deference over the opinion of Dr. Mohler or the opinion of Gilbert Jenouri, M.D., who opined that Claimant had mild restrictions in lifting and carrying and whose opinion the ALJ gave great weight because it was well supported by Dr. Jenouri's essentially normal physical examination findings.[8]  *Id*.  The Court further notes that Dr.

---

[8] To the extent Claimant argued that Dr. Dentico's opinion undermined the ALJ's findings because it agreed with Dr. Ristic's opinion that Claimant could lift only 10 pounds, the Court notes that Dr. Ristic's opinion was wholly unrelated to Claimant's back.  R. 317-18.  Rather, Dr. Ristic's

Dentico examined Claimant at most two times, whereas Dr. Mohler examined Claimant on three separate occasions. R. 273-81, 306-10, 313-16.

For the foregoing reasons, the Court finds that Dr. Dentico's record does not provide a basis for the Court to find that the ALJ's denial of benefits was erroneous.

### B. Failure to Properly Weigh Treating Physician's Opinion

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. § 404.1545(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit stated that: "'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'" *Id*. at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)) (alterations in original). "[T]he ALJ must state with particularity the

---

opinion was related to Claimant's purported hand limitations. *Id*. Moreover, as will be discussed, the ALJ properly gave "little weight" to Dr. Ristic's opinion.

weight given to different medical opinions and the reasons therefor." *Id* at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id*. (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Here, Claimant argued that the ALJ erred by giving the opinion of Sasha Ristic, M.D., "little weight." Doc. 21 at 26-31, 33-34. Specifically, Claimant argued that the ALJ failed to state with particularity the weight he gave Dr. Ristic's opinion that Claimant could not perform forceful repetitive activity or lift more than 10 pounds; that it was improper for the ALJ to compare Dr. Ristic's opinion with Dr. Mohler's opinion regarding Claimant's back; that Dr. Mohler's opinion regarding Claimant's hands was consistent with Dr. Ristic's opinion; that the ALJ failed to

consider Claimant's activities of daily living in context; that the findings of Dr. Jenouri, a consultative examiner, cannot provided substantial evidence to rebut the contrary findings of Dr. Ristic, a treating specialist; and that the new evidence from Dr. Dentico undermined the ALJ's decision. *Id.*

The Commissioner argued that the ALJ's decision to give Dr. Ristic's opinion "little weight" was supported by substantial evidence. *Id.* at 31-33. The Commissioner further argued that the weight the ALJ gave to Dr. Ristic's opinion that Claimant could not perform forceful repetitive activity or lift more than 10 pounds was clear from the context. *Id.*

On December 3, 2014, Claimant presented to Dr. Ristic for a follow-up evaluation of his left hand following the right and left endoscopic carpal tunnel release procedures performed by Dr. Ristic earlier that year. R. 289-90, 296-97, 317-18. Claimant reported that the surgery had helped him and that the numbness was gone, but that he continued to have intermittent periods of sharp pain with forceful activity and that he had difficulty lifting up a gallon of milk, especially on the left side. R. 317-18. Dr. Ristic's examination revealed intact sensation; some weakness to grip left greater than right; no evidence of triggering on the left; the right long finger clicking and locking consistent with some triggering; and difficulty and pain with forceful flexion of the wrist, left greater than right. *Id.* Dr. Ristic recommended that Claimant continue conservative treatment and opined that Claimant should limit his activity to no forceful repetitive activity or lifting above 10 pounds. *Id.*

The ALJ found that Dr. Ristic's opinions were entitled to "little weight" because his opinions were not supported by the substantial evidence of record or by Dr. Ristic's own reports. R. 23. Specifically, the ALJ provided as follows:

> Similarly Dr. Ristic (at Exhibit 13F) gave various opinions regarding the claimant's disability, and his opinions as a hand surgeon that the claimant cannot return to his

prior occupation are entitled to great weight and well supported by substantial evidence. His opinions regarding the claimant being temporary totally disabled are vague and given little weight as it does not provide a function-by-function assessment of basic work activity. However, Dr. Ristic's December 3, 2014 opinion (at Exhibit 13F) that the claimant "is having difficulty lifting a gallon of milk (which weighs about 8.6 pounds) especially on the left side," is not well supported by the substantial evidence of record, including the claimant's ADLs, and the above-mentioned opinions of Drs. Mohler and Jenouri and therefore given very little weight (Exhibits 6F and l0F). Further, this opinion was given posthearing and just weeks before Dr. Ristic 's assessment of November 13, 2014, when Dr. Mohler found the claimant able to engage in a wide range of ADLs (as noted above), and opined the claimant was able to lift up to 20 pounds and push/pull occasionally (Exhibit 12F, p. 3). Additionally, Dr. Ristic's reports did show that the hand numbness was resolved, and sensation was intact and grip was slightly reduced as late as October of 2014 (Exhibit 11F). For those reasons Dr. Ristic's most recent exam and limit of only lifting a gallon of milk is given little weight as it is not well supported by substantial evidence (Exhibit 13F).

*Id*. Upon review, the Court finds that the ALJ's decision to give Dr. Ristic's opinion "little weight" was supported by substantial evidence.

To the extent that Dr. Ristic stated that Claimant was temporarily totally disabled, Dr. Ristic's statement was not a medical opinion that needed to be weighed. Whether or not Claimant is capable of moving into the workforce is an issue left for the Commissioner to determine, not Dr. Ristic. 20 C.F.R. § 416.927(d); *see also Adams v. Comm'r., Soc. Sec. Admin.*, 586 F. App'x 531, 533-34 (11th Cir. 2014) (per curiam); *Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986) (per curiam).

With regard to Dr. Ristic's opinions that did need to be weighed – that Claimant should be limited to no forceful activity or lifting above 10 pounds – substantial evidence supports the ALJ's determination that these opinions are inconsistent with Dr. Ristic's own records. Dr. Ristic's post-surgical records indicate that Claimant was in no apparent distress; that he could flex and extend all fingers and thumb easily; that he had full range of motion, which he was able to easily demonstrate; that he had no pain with resisted manual muscle testing of the shoulder or elbow; that

his numbness and tingling had been resolved; that his sensation was intact; that he was neurovascularly intact distally; that his grip was 4+ out of 5 on the left and 5- out of 5 on the right; that he had no nighttime symptoms; that his trigger finger was intermittent and did not happen daily; that his hands were "much better" after surgery; and that his "[r]ight side feels great." R. 293-95, 298-301, 304-05, 311-12, 317-18. This reason alone is sufficient justification for the ALJ's decision to give Dr. Ristic's opinion "little weight." *See D'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (per curiam) (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it."); *Gilmore v. Astrue*, 2010 WL 989635, at *14-18 (N.D. Fla. Feb. 18, 2010) (finding that the ALJ's decision to discount a treating physician's opinion was supported by substantial evidence, even though two of the many reasons articulated by the ALJ were not supported by substantial evidence).

With that said, the Court finds that the other reasons proffered by the ALJ are also supported by substantial evidence. For instance, Claimant's own statements provide evidence supporting the ALJ's decision. At the hearing, Claimant testified that he believed he could lift 15 pounds. R. 46-47. Claimant also stated in a function report dated September 16, 2013 – prior to the surgical procedures that Claimant said improved his hands – that he is able to cook a wide variety of healthy meals daily; that he is able to dress himself; that his ability to shave and care for his hair was unaffected; that he shops for food once per week; and that he is ambidextrous. R. 166-74. Claimant also reported, prior to the surgical procedures on his hands, that he was able to work as a welder without restrictions up until he had back surgery, and that his hands had actually improved, not worsened, since his back surgery. R. 278. After the surgical procedures on his

hands, Claimant reported that he plays with and walks his dog and does his own dressing, undressing, toileting, and hygiene. R. 314.

Further, the medical examinations and opinions of Dr. Jenouri and Dr. Mohler support the ALJ's decision. On October 10, 2013 – prior to the surgical procedures that Claimant said improved his hands – Dr. Jenouri found that Claimant's hands had full range of motion bilaterally, had 5/5 grip strength bilaterally, and had intact dexterity. R. 262-65. Dr. Jenouri further noted no sensory deficits and 5/5 strength in the upper and lower extremities. *Id*. Dr. Jenouri opined that Claimant had mild restrictions to lifting and carrying. *Id*.

On November 7, 2013, Dr. Mohler found that Claimant demonstrated full range of motion of his elbows, wrists, and digits; that Claimant had no intrinsic weakness or wasting; and that Claimant's sensation was intact. R. 278-81. Dr. Mohler opined that Claimant was able to work as a welder without any restrictions in relation to the use of his hands, an opinion based upon the fact that Claimant had not previously lost any time from work due to his carpal tunnel syndrome. *Id*. Dr. Mohler examined Claimant again after Claimant had undergone hand surgery and opined that Claimant was restricted from repetitive grasping and heavy lifting with his left hand, but that Claimant could handle light tools and objects that do not require forceful fist formation nor pressure on the palmar surface of his left hand. R. 306-09.

Claimant's argument that the ALJ failed to state with particularity the weight he gave Dr. Ristic's opinion is without merit. It is clear from the context that the ALJ was weighing Dr. Ristic's opinion that Claimant could not perform forceful repetitive activity or lift more than 10 pounds. R. 23. Immediately before assigning Dr. Ristic's opinion "little weight," the ALJ specifically referred to Dr. Ristic's December 3, 2014 opinion and cited to Exhibit 13F, which is the Exhibit containing the opinion at issue. *Id*.

Claimant's argument that it was improper for the ALJ to compare Dr. Ristic's opinion regarding Claimant's hands with Dr. Mohler's opinion regarding Claimant's back is unavailing. Although the Court agrees with Claimant to the extent that an opinion with regard to Claimant's back limitations should not, in most circumstances, be used to refute an opinion with regard to Claimant's hand limitations, as previously discussed, the Court need not accept every reason provided by the ALJ for rejecting an opinion. *See D'Andrea*, 389 F. App'x at 948 (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it."). And the ALJ provided sufficient alternative reasons supported by substantial evidence for giving Dr. Ristic's opinion "little weight."

Claimant's argument that Dr. Mohler's opinion regarding Claimant's hands is "remarkably similar" to Dr. Ristic's opinion is without merit. First, Dr. Mohler's opinion restricted repetitive grasping and heavy lifting only with the Claimant's left hand. R. 309. Second, the Court need not accept every reason provided by the ALJ for rejecting an opinion. *See D'Andrea*, 389 F. App'x at 948 (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it."). And finally, the standard is not whether there is substantial evidence to support Dr. Ristic's opinion, but whether there is substantial evidence to support the ALJ's reasons for giving Dr. Ristic's opinions "little weight." *Barnes*, 932 F.2d at 1358 ("Even if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence.") (citation omitted). Upon review of the record, and as previously discussed, the Court finds that there is substantial evidence to support the ALJ's reasons for giving Dr. Ristic's opinions "little weight."

Claimant's argument that the ALJ failed to consider Claimant's activities of daily living in context is without merit. Although Dr. Jenouri noted that Claimant could only cook, clean, do laundry, shop, and dress once per week, Claimant stated elsewhere in the record that he could take care of the dog, get dressed, and cook on a daily basis. R. 166-74, 263. Claimant also reported that he was able to do the dishes, drive, and was independent in toileting and hygiene. R. 169, 314. The remainder of Claimant's argument primarily focused on how Claimant's activities of daily living, when taken in context, were purportedly consistent with Claimant's alleged back limitations, not how Claimant's activities were purportedly consistent with Dr. Ristic's opinion regarding Claimant's hand limitations. Doc. 21 at 29-30. For instance, Claimant alleged that he cannot "bend enough to dress normally sometimes needing to do it lying down." *Id*. at 29. This qualification of Claimant's ability to dress does not affect whether or not this activity of daily living was or was not consistent with Dr. Ristic's opinion regarding Claimant's hand limitations.

Claimant's argument that Dr. Jenouri's findings cannot provide substantial evidence to rebut Dr. Ristic's is unavailing. As previously discussed, even if the Court were to agree that the ALJ should not have relied on Dr. Jenouri's opinion, the record as a whole contains substantial evidence supporting the ALJ's other reasons for giving Dr. Ristic's opinion "little weight." *See D'Andrea*, 389 F. App'x at 948 (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it.").

Finally, Claimant's argument that Dr. Dentico's new opinion undermines the ALJ's decision is without merit. For the reasons previously discussed, the Court finds that Dr. Dentico's new opinion does not undermine the ALJ's decision. Moreover, as explained by the Court and as argued by Claimant, an opinion with regard to Claimant's back limitations should not, in most

circumstances, be used to refute, or support, an opinion with regard to Claimant's hand limitations. Here, Dr. Dentico's new opinion is with regard to Claimant's limitations arising from his back condition, not his hand condition. As such, the fact that Dr. Dentico opined concerning a limitation related to Claimant's back provides no support for Dr. Ristic's opinion concerning a limitation due to Claimant's hands.

### C. The ALJ's Credibility Determination

Claimant argued that the ALJ failed to provide sufficient, valid reasons to justify his finding that Claimant's testimony was "not fully credible." Specifically, Claimant argued that the ALJ took Claimant's daily activities out of context and failed to consider Claimant's qualifying statements; was incorrect in stating that Claimant's surgeries had reached their intended results; failed to note that Claimant took over-the-counter medications because he was "reluctant and cautious" about narcotics; was incorrect in stating that the medical opinions primarily relate to Claimant's ability to return to his past work as an iron worker; erred in citing Claimant's "excellent work history" as a reason for discrediting Claimant's testimony; and erred in citing the fact that Claimant was ambidextrous and could use either hand for fine or gross manipulation. R. 34-38, 42-43.

The Commissioner argued that the ALJ's decision was supported by substantial evidence. R. 38-42. Specifically, the Commissioner argued that the ALJ properly considered Claimant's daily activities, the objective medical evidence, and the opinion evidence. *Id.* The Commissioner also argued that Claimant is, in essence, asking the Court to re-weigh the evidence. *Id.*

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id.* at § 404.1529(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *See Foote*, 67 F.3d at 1562.

On November 25, 2014, Claimant appeared before the ALJ for a hearing. R. 31-60. At the hearing, Claimant testified that his hands have half the strength they used to; that he drops things because his hands "just let go"; that his ability to twist and bend is limited; that his lower back hurts every day; that he can sit for about 45 minutes to an hour before needing to move around or lay down; that he can stand for about an hour; that he has to recline his car seat while driving; that he lies down or sits in a reclined position for 5 or 10 minutes in a typical hour; that he is ambidextrous and that he writes with his left and throws with his right; that he has difficulties putting his fingers together with his thumb; that he has difficulties writing and brushing his teeth because his "toothbrush will roll in my fingers"; that he has to use two hands to carry a gallon of milk; and that he can lift 15 pounds. *Id.*

The ALJ discussed Claimant's testimony and found that although the Claimant's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Claimant's statements regarding his symptoms were "not entirely credible." R. 18-22. The ALJ then provided a plethora of reasons for discrediting Claimant's testimony, including that Claimant's testimony was inconsistent with his medical examinations; Dr. Jenouri's and Dr. Mohler's opinions; Claimant's activities of daily living; the conservative post-surgical treatment Claimant has received for his back and hands; and Claimant's use of over-the-counter medications. *Id*. The ALJ also noted that although Claimant initially said he was ambidextrous, the Claimant later said that he was left-hand dominant. *Id*. Finally, the ALJ gave slight weight to the fact that Claimant showed no evidence of debilitating symptoms while testifying at the hearing. *Id*.

The Court finds that the ALJ articulated adequate reasons supported by substantial evidence for finding that Claimant's testimony was "not entirely credible." As the Court discussed in detail in the section on Dr. Ristic's opinion, that substantial evidence includes the medical records, opinion evidence, and Claimant's activities of daily living as they relate to Claimant's alleged hand limitations. Likewise, for the reasons discussed in detail in the section on the Appeals Council's decision, that substantial evidence includes the medical records, opinion evidence, and Claimant's activities of daily living as they relate to Claimant's alleged back limitations.

Claimant's argument that the ALJ took Claimant's daily activities out of context and failed to consider Claimant's qualifying statements is unavailing. First, Claimant's argument is unavailing with regard to Claimant's hand limitations for the reasons discussed in the section on Dr. Ristic's opinion. Claimant's qualifications dealt with Claimant's alleged back limitations, not his alleged hand limitations. Second, Claimant's argument is unavailing with regard to Claimant's back limitations because it is clear that the ALJ considered the record as a whole and considered

the qualifications testified to by Claimant. *See* R. 18, 20-21 (noting, among other things, that Claimant said he had difficulty bending and tying his shoes). The Court will not reweigh the evidence where the ALJ's decision is supported by substantial evidence. *Barnes*, 932 F.2d at 1358 ("Even if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence."). Moreover, the ALJ articulated other reasons for discrediting Claimant's testimony that were supported by substantial evidence. *See D'Andrea*, 389 F. App'x at 948 (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it.").

Claimant's argument that the ALJ erred in stating that the surgeries had achieved their intended results takes the ALJ's statement out of context. The ALJ immediately followed that statement by explaining that Claimant's post-surgical treatment had been both routine and conservative, and that Claimant was taking over-the-counter medication. R. 21. The fact that Claimant was purportedly "cautious" about taking narcotics does not change the fact that Claimant received only routine and conservative treatment following his surgeries. Nor does it change the fact that Claimant's examinations generally showed mild deficits in the lower back and full leg strength.

While the Court is persuaded that Claimant's "excellent work history" was not a valid reason for the ALJ to discredit Claimant's testimony, it was only one of many reasons offered by the ALJ for discrediting Claimant's testimony. And other reasons offered by the ALJ were supported by substantial evidence. *See D'Andrea*, 389 F. App'x at 948 (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it."). In fact, in the

same paragraph where the ALJ mentioned Claimant work history, the ALJ also noted that Claimant "reported that he was 'feeling great' from the two other surgeries, reporting no significant bilateral leg symptoms, and no pain or numbness in the right hand." R. 21.

Claimant's remaining two arguments – that the ALJ was incorrect in stating that the medical opinions that Claimant was disabled primarily related to Claimant's ability to work as an iron worker and that the ALJ erred in citing the fact that Claimant was ambidextrous – are both without merit. Again, the ALJ articulated sufficient alternative reasons supported by substantial evidence for discrediting Claimant's testimony. *See D'Andrea*, 389 F. App'x at 948 (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it."). Moreover, Claimant reported multiple times that he was ambidextrous, and the ALJ considered the fact that Claimant later said that he was left-hand dominant. R. 21-22, 172, 273, 278. Further, the records do suggest that the so-called opinions that Claimant was disabled related to Claimant's ability to return to his previous line of employment. R. 305, 312. Regardless, a doctor's conclusory statement that a Claimant is disabled is not a medical opinion. 20 C.F.R. § 416.927(d); *see also Adams v. Comm'r., Soc. Sec. Admin.*, 586 F. App'x 531, 533-34 (11th Cir. 2014) (per curiam); *Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986) (per curiam).

## IV.    CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1.    The final decision of the Commissioner is **AFFIRMED**; and

2.    The Clerk of Court is directed to enter judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 29, 2017.

_____

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Robert Gonzalez
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Office
Suite 202
75 South Broadway
White Plains, NY 10601